[Crim. No. 9404.   Second Dist., Div. Four.   Dec. 22, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. JOSEPH
AARON POOLE, Defendant and Appellant.

Jack F. Hannig, under appointment by the District Court
of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James,
Assistant Attorney General, and C. Anthony Collins, Deputy
Attorney General, for Plaintiff and Respondent.

JEFFERSON, J.—Defendant was found guilty, in a trial
by the court, of robbery in the first degree (Pen. Code,
§ 211a), and a prior felony conviction of robbery was found
to be true. The case was submitted to the court on the tran-
script of the preliminary examination with no additional evi-
dence being offered by either side.

Shortly after 4 a.m. on January 9, 1963, a man wearing a
trenchcoat, rubber gloves and a silk stocking pulled over his
head, entered the lobby of the Thunderbird Hotel in El
Segundo. At the point of a gun he ordered the four hotel
employees on night duty into the manager's office and forced

them to lie on the floor. Even though the man had a stocking over his face the manager was able to recognize him as defendant. The manager was ordered to accompany defendant to the front desk, where defendant took the cash box, and then to the location of the hotel safe. After the manager convinced defendant that he did not have the combination to the safe, defendant took a cigar box containing $498 in cash which the manager kept in his office and left after warning the employees to keep quiet and to remain on the floor for several minutes. A few seconds after defendant left the employees got up and scattered in different directions looking for him. One of them spotted him getting into an elevator on the first floor of the new wing of the hotel. This employee observed that defendant had not gone down to the basement in the elevator. The police arrived shortly thereafter and a room to room search of the new wing of the hotel was initiated. At about 6 a.m. the officers, accompanied by the manager of the hotel, came to room 670. The manager knocked on the door. Defendant, in his underwear, answered the door. When the officers explained that a robbery had occurred and that they believed the suspect was hiding in the new wing, defendant admitted the officers to the room, and went back to bed. Underneath a bedspread which had been thrown over a chair, the officers found a trenchcoat, a grey metal cash box and a cigar box with money inside. From the pockets of the trenchcoat the officers removed a woman's silk stocking, an automatic pistol, a clip of ammunition and a pair of rubber gloves.

At approximately 11 a.m. on the morning of the robbery an investigating officer had a conversation with defendant in an interrogation room of the police station. In this conversation, defendant stated that, upon his return to the hotel from a party early that morning, he decided to hold up the lobby of the hotel; he went to his room, put on a rain-type hat, a trenchcoat and a pair of rubber gloves; he covered his head with a silk stocking; he then went downstairs and held up the lobby.

During the pendency of this appeal, *Escobedo* v. *Illinois*, 378 U.S. 478 [84 S.Ct. 1758, 12 L.Ed.2d 977], and *People* v. *Dorado*, 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361] were decided. In *Dorado, supra,* it was held that confessions are inadmissible if they were obtained when (at p. 353) ". . . (1) The investigation was no longer a general inquiry into an unsolved crime but had begun to focus on a particular

suspect, (2) the suspect was in custody, (3) the authorities had carried out a process of interrogations that lent itself to eliciting incriminating statements, (4) the authorities had not effectively informed defendant of his right to counsel or of his absolute right to remain silent, and no evidence establishes that he had waived these rights.'' The record in the case before us is quite naturally meager with respect to the above factors since the case was tried long before the *Escobedo-Dorado* decisions. However, we have no doubt in the light of recent decisions of our Supreme Court following *Escobedo* and *Dorado,* that the confession of defendant was inadmissible.

Although the record does not indicate that defendant was in custody when the confession was made, we must conclude on the basis of the evidence against him and because the confession was made in a police interrogation room, that he was in custody. Nor can there be any doubt that suspicion was focused on him. Furthermore, as stated in the recent case of *People* v. *Stockman,* 63 Cal.2d 494, 498-499 [47 Cal.Rptr. 365, 407 P.2d 277] ''It may reasonably be assumed, objectively, that an interrogation which does elicit incriminating statements was conducted by the police for that purpose, at least in part, and therefore the burden should be on the prosecution to show that the statements were the result of something other than a 'process of interrogations that lends itself to eliciting incriminating statements. . . .' [Citation.]'' (See also *People* v. *Luker,* 63 Cal.2d 464, 473-474 [47 Cal.Rptr. 209, 407 P.2d 9]; *People* v. *North,* 233 Cal.App.2d 884, 888 [44 Cal.Rptr. 123].) Following the above approach, since the prosecution did not carry its burden here, we must assume that the confession was elicited through such a process of interrogation. Finally, the record fails to show that prior to his confession defendant was advised of his rights to counsel and to remain silent. While it is clear that the judge who tried this case would have reached the same decision had the confession been excluded, *People* v. *Dorado, supra,* compels a reversal.

Counsel appointed to represent defendant in this appeal raises several contentions which we have examined and find devoid of merit and not warranting discussion.

The judgment of conviction is reversed.

Files, P. J., and Kingsley, J., concurred.